IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| NIKESIA SHARLEY PANNELL; CHOYA HASSIBA JOHNSON,<br><br>  Plaintiffs,<br><br>v.<br><br>MATTHEW TAYLOR SCRUGGS; SOUTHERN CONCRETE SPECIALTIES, INC.; AND JEFFREY MICHAEL GOWDER,<br><br>  Defendants. | Case No. 1:18-cv-00271<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL** |

COMES NOW, Matthew Taylor Scruggs and Southern Concrete Specialties, Inc., (collectively "Moving Defendants"), by and through undersigned counsel and pursuant to the Court's oral direction and September 23, 2019 Minute Order and hereby submit this Supplemental Brief in Support of its Motion to Compel.

## FACTUAL AND PROCEDURAL HISTORY

Moving Defendants expressly incorporate the Factual Procedural History sections of their Memorandum in Support of Second Motion to Compel (Doc. 26-10).

## LEGAL ARGUMENT

In response to Plaintiffs' repeated arguments that their prior medical records were not in their "possession, custody or control," this Court requested supplemental briefing on the question of whether Plaintiffs' medical records are in their "possession, custody, or control" under relevant legal authority. Put simply, they are.

A number of Courts, including those in North Carolina, have held that a plaintiff's medical records are in their "possession, custody or control" for purposes of Rule 34 discovery. *See Morris v. Lowe's Home Ctrs., Inc.*, 2012 U.S. Dist. LEXIS 44422 at * 20 (M.D.N.C. 2012) ("courts have held that a party has control over his medical records because, by either granting or denying consent, he may determine who shall have access to them.") *quoting Washam v. Evans*, 2011 U.S. Dist. LEXIS 70704 at *2-3 (E.D. Ark. 2011); *Lowd v. Reynolds*, 205 N.C. App. 208, 214-215, 695 S.E.2d 479, 484 (2010) (Court held that because under the Health Insurance Portability and Accountability Act, plaintiff's had the legal right to obtain his medical records, those records were deemed to be in plaintiff's possession, custody, or control) *citing Pugh v. Pugh*, 113 N.C.App. 375, 380-381, 438 S.E.2d 214, 218 (1994) (emphasis in original); *Washam v. Evans*, 2011 U.S. Dist. LEXIS 70704 at *2-3 (E.D. Ark. 2011) ("Courts have held that a party has control over his medical records because, by either granting or denying consent, he may determine who shall have access to them.") *citing Bertrand v. Yellow Transp., Inc.*, 2010 U.S. Dist. LEXIS 53510 (M.D. Tenn. 2010); *Klesch & Co. Ltd. V. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003); *Resolution Trust Corp. v. Deloitte & Touce,* 145 F.R.D. 108, 110 (D. Colo. 1992) ("The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials <u>or</u> has the legal right to obtain the documents on demand.") *citing Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989); *Haseotes v. Abacab Internat'l Computers, Inc.*, 120 F.R.D. 12 (D. Mass. 1988); *Buckley v. Vidal*, 50 F.R.D. 271 (S.D.N.Y. 1970) (emphasis in original).

Accordingly, Plaintiffs' continued and repeated failure to provide their prior medical records, which were originally requested almost a year ago, under the incorrect claim that those

records are not within their "possession, custody, or control" is without legal support. Therefore, Moving Defendants are not only entitled to those records, but they are also entitled to costs for having to bring this issue to the Court.

## **CONCLUSION**

For the above stated reasons, Moving Defendants respectfully request that the Court order Plaintiff to adequately respond to discovery and for an assessment of costs for failure of Plaintiffs to comply with the Federal Rules of Civil Procedure by failing to appropriately respond to the discovery.

This the 30th day of September, 2019.

/s/ HEATHER G. CONNOR_____
Bar No: 27653
Attorney for Defendants
McAngus Goudelock & Courie, PLLC
Post Office Box 30307
Charlotte, North Carolina 28230
(704) 643-6303
heather.connor@mgclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Yussuf Aleem
>Tarek Abdel-Aleem
>The Aleem Law Firm
>1355 Peachtree Street NE, Suite 700
>Atlanta, Georgia 30309
>Attorney for Plaintiffs
>yussuf@josephaleem.com
>tarekaaleem@gmail.com
>
>Daniel Rufty
>8612 Tweedsmuir Glen Lane
>Charlotte, North Carolina 28215
>Attorney for Plaintiffs
>daniel.rufty@gmail.com

/s/ HEATHER G. CONNOR