IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 271

| | | |
|---|---|---|
| NIKESIA SHAREY PANNELL and CHOYA HASSIBA JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| MATTHEW TAYLOR SCRUGGS, SOUTHERN CONCRETE SPECIALISTS, INC., and JEFFREY MICHAEL GOWDER, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendants' Motion for Order to Show Cause for Failure to Respond to Subpoena Duces Tecum ("Motion to Show Cause") (Doc. 25) and Defendants' Second Motion to Compel (Doc. 26). The undersigned conducted a hearing on the motions on September 23, 2019.

I. Background

This litigation involves a multi-vehicle accident that occurred on July 3, 2018 during which a tractor-trailer truck that was owned by Defendant Gowder and operated by Defendant Scruggs, who was working for Defendant Southern Concrete Specialties, Inc., struck Plaintiffs' vehicle. See Complaint (Doc. 1).

II. Motion to Show Cause (Doc. 25)

Defendants' Motion to Show Cause involved subpoenas that Defendants served on various of Plaintiffs' medical providers ("Subpoena Recipients"). No

1

one appeared at the hearing on behalf of the Subpoena Recipients and counsel for Defendants advised, and the record reflects, that the Motion to Show Cause has been withdrawn.

### III. Second Motion to Compel (Doc. 26)

Records from Plaintiffs' healthcare providers are also the focus of Defendants' Second Motion to Compel. On October 16, 2018, Defendants served written discovery requests seeking, among other things, information regarding medical treatment Plaintiffs received both prior to and in connection with the accident. In the ensuing months, Plaintiffs responded to Defendants' requests and supplemented their responses numerous times, though Defendants continued to assert that Plaintiffs had not produced all of the requested materials.

On March 12, 2019, Defendants filed a Motion to Compel (Doc. 21), which was denied without prejudice (Doc. 22).

On August 9, 2019, Defendants filed their Second Motion to Compel. Plaintiffs responded and Defendants replied (Docs. 27, 28).

The following requests are at issue: Interrogatory 28 (information on Plaintiffs' medical history before the accident) and Document Requests 2 (medicals from the accident), 3 (prior medicals), 8 (medical bills), and 11 (pharmacy records). According to Defendants, specifically missing are diagnostic films for both Plaintiffs, medical records for Plaintiff Johnson prior

2

to the accident, and medical records for Plaintiff Pannell prior to the accident (other than one record from June 2018). (Doc. 26) at 3.

Plaintiffs concede that the outstanding information is relevant and discoverable. Defendants acknowledge that they do not have any basis for challenging Plaintiffs' representation that Plaintiffs have produced all of the medical information they have obtained from their medical providers. Rather, the crux of the dispute is over which side is responsible for obtaining the additional records that Defendants seek and the proper method for doing so.

### A. Possession, Custody, or Control

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to "serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample" certain items that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The opening question, then, is whether Plaintiffs' medical records are within Plaintiffs' "possession, custody, or control" for purposes of Rule 34.

Initially, Plaintiffs argued that only those medical records they had actually obtained from their providers were within their possession, custody, or control, that those records had been produced to Defendants, and that to the extent Defendants sought additional records Defendants should be required to obtain those materials through Rule 45 subpoenas served directly on the providers. Defendants, on the other hand, argued that it was Plaintiffs'

3

responsibility to obtain the additional records, or demonstrate why they were unable to do so.

As the parties did not fully explore the specific issue of whether Plaintiffs' additional records should be considered as being in their possession, custody, or control for purposes of Rule 34, supplemental briefing was directed. In response, Defendants cited numerous cases supporting the view that an individual's medical records are within his possession, custody, or control. See (Doc. 40) at 2-3. Plaintiffs acknowledged this idea as well, stating in their supplemental brief that "courts have held that a party has control over his medical records because, by either granting or denying consent, he may determine who shall have access to them." (Doc. 39) at n.1.

Having reviewed these authorities and others, the undersigned concludes that Plaintiffs' medical records are within Plaintiffs' possession, custody, or control for purposes of Rule 34. Consequently, regardless of whether Defendants could also have attempted to obtain the records through third-party subpoenas, Defendants' attempted enforcement of their document requests propounded pursuant to Rule 34 is appropriate.

### B. Compliance with Rule 34

The next issue pertains to the manner in which Plaintiffs must comply with their production obligations.

In their supplemental brief, Plaintiffs argue "there is no explicit duty for the requested party to retrieve the requested records beyond providing medical provider authorizations and HIPAA authorizations." (Doc. 39) at 2. That is, Plaintiffs contend that, though their medical records may be within their

4

possession, custody, or control, their obligation under Rule 34 is satisfied if they submit authorizations that will enable Defendants to obtain the records directly from the providers.

The undersigned is not persuaded by this argument. First, Plaintiffs have not produced controlling authority to support such a proposition. See e.g., Hernandez v. Results Staffing, Inc., 907 F.3d 354, 361–62 (5th Cir. 2018) (declining to reach "the more difficult question whether the signing of an authorization for release of protected health information is sufficiently responsive to a Rule 34 request for production" since plaintiff's counsel had a continuing obligation to disclose records once he obtained physical possession of them). Plaintiffs correctly note that courts in this district have directed parties to provide medical authorizations, but those cases do not support the view Plaintiffs attempt to advance or otherwise aid their objection to the Second Motion to Compel. See e.g., Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc., No. CIV. 3:08-CV-495-RJC-DCK, 2009 WL 4062881 (W.D.N.C. Nov. 20, 2009) (finding that plaintiff's refusal to sign an authorization impeded timely discovery of her records and directing plaintiff to respond fully to defendant's discovery requests and execute medical release forms); Teague v. Target Corp., No. 306CV191, 2006 WL 3690642 (W.D.N.C. Dec. 11, 2006) (directing production of authorizations in light of plaintiff's ongoing failure to provide complete information regarding her health care treatment and finding that the only way defendant could be certain that it would obtain the necessary medical records was to request the information directly from each provider).

Second, even if the provision of authorizations would have satisfied Plaintiffs' production obligation, there is no evidence that Plaintiffs have actually provided such authorizations to Defendants here. In their supplemental brief, Plaintiffs state they "*are willing to sign* any authorization so that Defendants can procure the discovery they seek." (Doc. 39) at 5 (emphasis added).

Plaintiffs' efforts to obtain the records themselves have also been lacking. The information before the Court indicates that Plaintiffs procured some records from their providers and produced those records to Defendants.[1] Plaintiffs have not, though, obtained the additional records requested by Defendants, and may not have even requested some or all of them until recently. In their supplemental brief, Plaintiffs state:

> Defendants maintain that Plaintiffs have not made any attempts to obtain the requested ten years of prior medical records This is patently untrue. Plaintiffs have already requested the documents from several of the providers.

(Doc. 39) at 2.

In support of this statement, Plaintiffs attached copies of authorizations they sent to Plaintiffs' providers. Those authorizations and cover letters,

---

[1] Like Defendants, the Court has no reason to doubt Plaintiffs' representation that they have produced all of the medical records they have obtained from their providers.

however, are dated September 4, 2019, nearly a month *after* the Second Motion to Compel was filed on August 9, 2019.² See (Doc. 39-1).

Consequently, the Second Motion to Compel will be granted and Plaintiffs will be required to produce the outstanding materials. See Alvarez v. Johns Hopkins Univ., No. CV TDC-15-950, 2019 WL 2210644 (D. Md. May 21, 2019) (rejecting the argument that medical records should be obtained by Rule 45 subpoena, or otherwise by authorization, and requiring plaintiffs to obtain records at issue). As Defendants have not requested authorizations, Plaintiffs will not be directed to produce them.

## IV. Expenses

The Court must next consider whether Defendants should be awarded their reasonable expenses associated with bringing the Second Motion to Compel. In that regard, Rule 37 of the Federal Rules of Civil Procedure reads in part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

---

² The authorizations also include Plaintiffs' social security numbers. Other filings the parties have made similarly include personal information of Plaintiffs. See e.g., (Doc. 21-1) at 2 and (Doc. 26-2) at 2.

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Both sides have requested an award of expenses in their favor. Since the Motion is now being granted, the Court will provide Plaintiffs with an opportunity to submit any additional information they believe is relevant as to why Defendants should not receive an award of expenses under Rule 37.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Second Motion to Compel (Doc. 26) is **GRANTED.**

2. Plaintiffs are **DIRECTED** to produce within ten (10) days of the entry of this Order complete supplemental responses to the discovery requests at issue (including copies of Plaintiffs' medical records).

3. Counsel for all parties are **DIRECTED** to review the filings that appear on the docket for conformity with this district's Administrative Procedures Governing Filing and Service by Electronic Means ("Administrative Procedures"). For each document that is not in compliance with the Administrative Procedures, the filing counsel shall submit to the Clerk a redacted copy of such document from which only the improper information has been redacted. The Clerk is respectfully **DIRECTED**, upon

receipt, to substitute the existing documents with the redacted versions.

4. Plaintiffs are **GIVEN LEAVE** to file a response to this Order to provide any additional information they deem relevant as to why Defendants should not receive an award of expenses under Rule 37. Any such response by Plaintiffs may be no longer than five (5) pages and must be filed within seven (7) days of the entry of this Order.

Signed: November 7, 2019

W. Carleton Metcalf
United States Magistrate Judge