IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 271

| | | |
|---|---|---|
| NIKESIA SHARLEY PANNELL and CHOYA HASSIBA JOHNSON, | ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| MATTHEW TAYLOR SCRUGGS, SOUTHERN CONCRETE SPECIALTIES, INC., and JEFFREY MICHAEL GOWDER, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Response to the Court's Order Granting Defendants' Second Motion to Compel ("Response") (Doc. 44).

## I. Background

By Order entered on November 8, 2019, the Court granted Defendants' Second Motion to Compel (Doc. 43).

Plaintiffs were given leave to file a response to that Order so that they could provide any additional information they deemed relevant as to why Defendants should not receive an award of expenses.

## II. Expenses

Rule 37 of the Federal Rules of Civil Procedure reads in part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

> the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In their Response, Plaintiffs argue that their "nondisclosures, responses, and objections were substantially justified, because there was a genuine dispute as to the proper resolution of a discovery dispute that was reasonably based in law and fact … . Specifically, the parties had a dispute as to whether Plaintiffs' medical records are within Plaintiffs 'possession, custody, or control' for purposes of F.R.C.P. 34." (Doc 44) at 3.

Plaintiffs also argue that, though the Court ultimately found the records at issue were in Plaintiffs' possession, custody, or control, "Plaintiffs' contention was nonetheless a responsible difference of opinion based in law and facts" and that they "were advocating for a perceived procedural uncertainty based on Fourth Circuit case law relating to whether an authorization for release of protected health information is sufficiently responsive to a Rule 34 request for production." Id. at 3 – 4.

Further, Plaintiffs say they have "engaged in multiple, good faith discussions with opposing counsel regarding open discovery matters and to facilitate discovery supplementation, provided or offered to provide HIPAA medical authorizations, and did not object to any third party subpoenas for medical records from Defendants." Id. at 5. To demonstrate, Plaintiffs attach to their Response Exhibits A – P, which consist of communications between counsel as well as cover letters and medical authorizations sent to various of Plaintiff's' healthcare providers.

These arguments are without merit.

While the question of whether Plaintiffs' medical records were within Plaintiffs' possession, custody, or control may not have been answered definitively in this case until the Court granted Defendants' Second Motion to Compel, Plaintiffs did not fully research the strength of their position on that issue before using it as a basis for refusing to acquire and produce to Defendants all of Plaintiffs' requested medical records or for resisting Defendants' motion. In their opposition to the Second Motion to Compel, Plaintiffs argued that they were "under no duty to produce discovery material of which they are not in possession, control, or custody," but did not provide authorities finding an individual's medical records were not within his possession, custody, or control. (Doc. 27) at 13. Later, in their supplemental briefing, Plaintiffs stated that "Defendants' request for pharmaceutical records in Request for Production No. 9 and prior medical records Request for Production No. 3 are relevant and within Plaintiffs' control per Rule 26(b)" and noted that "courts have held that a party has control over his medical records

3

because, by either granting or denying consent, he may determine who shall have access to them." (Doc. 39) at 3, n.1.

In addition, as the Court explained in its prior Order, the cases from this district cited by Plaintiffs do not support the view Plaintiffs attempt to advance or otherwise aid their objection to the Second Motion to Compel. (Doc. 43) at 5.

Next, more practically, even assuming that Plaintiffs were operating under a reasonable belief that providing medical authorizations alone would fulfill their production responsibilities under Rule 34, the record does not indicate that Plaintiffs acted in conformity with that position. That is, there is no evidence that Plaintiffs have ever produced medical authorizations to Defendants. The exhibits to Plaintiffs' Response include a communication from Plaintiffs' counsel to defense counsel – apparently sent after the conclusion of the hearing on September 23, 2019 – requesting that defense counsel "send me a list of prior records which you say you do not have" and asking "[i]f my office emails you requests, will you withdraw your motion?" Ex. M (Doc. 44-13).[1]

To make matters worse, Plaintiffs asked for an award of sanctions and costs against Defendants, accusing Defendants of having "acted vexatiously, wantonly, and for oppressive reasons." (Doc. 27) at 15.

---

[1] The Court noted previously that Plaintiffs' efforts to obtain the records themselves have also been lacking. Plaintiff's Response illustrates this problem in greater detail. Even as of November 15, 2019 when the Response was filed, Plaintiffs were "in the process of obtaining all previous medical records and providing those to Defendants." (Doc. 44) at 5, n.2. In addition, though Defendants' discovery requests were served in October of 2018, the cover letters and medical authorizations sent by Plaintiffs to their providers, copies of which are attached as exhibits to the Response, are dated between December 2018 and September 2019.

An award of expenses under Rule 37 is warranted in these circumstances. As the handling of these discovery issues appears to have been a choice of litigation strategy by counsel, the expenses will be assessed against Plaintiffs' counsel and not Plaintiffs themselves. The undersigned does not find, however, that expenses associated with Defendants' supplemental briefing should be included in this award.

A final matter must be addressed. In its Order allowing the Second Motion to Compel, the Court noted that the authorizations Plaintiffs' counsel had filed with Plaintiffs' opposition to the Second Motion to Compel improperly listed Plaintiffs' social security numbers. Similar problems were noted in Defendants' filings and so counsel for all parties were directed to review the filings on the docket for conformity with this district's Administrative Procedures Governing Filing and Service by Electronic Means ("Administrative Procedures") and to submit redacted versions for substitution by the clerk.

Plaintiffs' counsel has once again made filings in violation of the Administrative Procedures as numerous pages of the exhibits attached to the Response include Plaintiffs' social security numbers. These documents will be placed under seal and Plaintiffs' counsel is advised that future filings should be inspected closely in this regard.

**IT IS THEREFORE ORDERED THAT:**

1. Pursuant to Rule 37, Defendants are **AWARDED** their reasonable expenses incurred in making their Second Motion to Compel,

including attorney's fees. This amount, however, does not include expenses associated with Defendants' supplemental briefing.

2. The parties are **DIRECTED** to confer and attempt to reach an agreement as to the amount of expenses that should be awarded.

3. On or before December 16, 2019:

    a. The parties shall file a stipulation advising that they have conferred and reached an agreement as to a proposed amount of the award, or

    b. In the alternative, if the parties are unable to reach such an agreement, Defendants shall submit appropriate materials from which the Court can determine an appropriate award. Plaintiffs shall have an additional seven (7) days from the date of Defendants' filing to respond.

4. The Clerk is respectfully **DIRECTED** to place all exhibits to Plaintiffs' Response to the Court's Order Granting Defendants' Second Motion to Compel (Doc. 44) under seal.

Signed: December 6, 2019

W. Carleton Metcalf
United States Magistrate Judge