# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00271-MR-WCM

| | |
|---|---|
| NIKESIA SHARLEY PANNELL; CHOYA HASSIBA JOHNSON, <br><br> Plaintiffs, <br><br> vs. <br><br> MATTHEW TAYLOR SCRUGGS; SOUTHERN CONCRETE SPECIALTIES, INC.; AND JEFFREY MICHAEL GOWDER, <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court upon the Defendants' Motion for Partial Summary Judgment. [Doc. 47].

## I.  PROCEDURAL BACKGROUND

On September 24, 2018, Nikesia Pannell and Choya Johnson (the "Plaintiffs") initiated this action against Matthew Scruggs ("Defendant Scruggs"), Southern Concrete Specialties, Inc. ("Defendant Southern Concrete"), and Jeffrey Gowder ("Defendant Gowder" and collectively the "Defendants"), alleging claims for negligence (Count I), respondeat superior (Count II), and negligent hiring, training, and supervision (Count III), and seeking both compensatory and punitive damages (Count IV). [Doc. 1].

On December 11, 2019, the Defendants filed a Motion for Partial Summary Judgment on the Plaintiffs' claims for negligent hiring, training, and supervision and/or entrustment,[1] and for punitive damages. [Doc. 47-1]. On December 30, 2019, the Plaintiffs filed a Response to Defendants' Motion for Partial Summary Judgment. [Doc. 50]. On January 6, 2020, the Defendants filed a Reply to the Plaintiffs' Response in Opposition to the Defendants' Motion for Partial Summary Judgment. [Doc. 51].

Having been fully briefed, this matter is ripe for disposition.

## III. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As the Supreme Court has observed, 'this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346

---

[1] While the Plaintiffs did not specifically include a count for negligent entrustment in their complaint, they did allege that Defendant Southern Concrete and Defendant Gowder "were negligent in hiring Defendant Matthew Scruggs and entrusting him to operate a motor vehicle on their behalf." [Doc. 1 at ¶ 22]. To the extent that the Plaintiffs make a claim for negligent entrustment, the Defendants also move for summary judgment on that claim. [Doc. 47-1 at 6].

2

F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied, 513 U.S. 814, 115 S. Ct. 68 (1994). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522. If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id. In considering the facts on a motion for summary judgment, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).

## III. FACTUAL BACKGROUND

Viewing the forecast of evidence in the light most favorable to the Plaintiffs, the following is a recitation of the relevant facts.

On July 3, 2018, Defendant Scruggs was driving a vehicle owned by Defendant Gowder in Henderson County, North Carolina. [Doc. 1 at ¶¶ 2-4, 8, 18]. Defendant Scruggs was working within the scope and course of his

3

employment for Defendant Southern Concrete by driving the vehicle. [Doc. 1 at ¶ 18]. A trailer was attached to the vehicle Defendant Scruggs was driving. [Doc. 1-1 at 2].

As a result of Defendant Scruggs' failure to reduce speed, his vehicle struck another car and caused a multi-car accident. [Id. at ¶¶ 8-10]. The Plaintiffs were in one of the cars involved in the accident and were seriously injured. [Id. at ¶ 1, 27]. The speed limit at the location of the accident was 65 miles per hour. [Doc. 1-1 at 2]. Defendant Scruggs was driving at 65 miles per hour prior to the accident and 55 miles per hour when he hit the Plaintiffs. [Id.]. The police cited Defendant Scruggs for failing to reduce his speed. [Id. at 4].

When hiring Defendant Scruggs, Defendant Southern Concrete and Defendant Gowder determined his fitness to drive their vehicles solely by submitting Defendant Scruggs' driver's license to an insurance company. [Doc. 50-2 at 5]. Defendant Scruggs had previously received "a couple speeding tickets" and had previously been involved in two accidents, both of which were caused by intoxicated drivers. [Doc. 47-2 at 2]. Defendant Gowder and Defendant Southern Concrete never trained Defendant Scruggs on how to operate a vehicle with a trailer attached, instead relying on

4

Defendant Scruggs' assertion that he "understood how to drive" their vehicles, including with a trailer attached. [Doc. 502- at 5].

## IV. DISCUSSION

### A. Negligent Hiring, Training, and Supervision.

To establish a claim for negligent hiring, supervision, and retention, a plaintiff must show: (1) the specific negligent act on which the action is founded; (2) incompetency, by inherent unfitness or previous specific acts of negligence, from which incompetency may be inferred; (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight and supervision; and (4) that the injury complained of resulted from the incompetency proved. Foster v. Nash-Rock Mount Cnty. Bd. of Ed., 191 N.C. App. 323, 330, 665 S.E.2d 745, 750 (1990); Medlin v. Bass, 327 N.C. 587, 398 S.E.2d 460 (1990). The "[p]laintiff's burden is high" in negligent hiring, supervision, and retention cases, and will only be met if the plaintiff shows "notoriously unsuitable employees or allegations of misconduct repeatedly ignored by an employer." Davis v. Matroo, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *5 (E.D.N.C. Sept. 19, 2013) (citing Braswell v. Braswell, 330 N.C. 363, 372, 410 S.E.2d 897, 903 (1991)).

The Defendants first argue that the Plaintiffs fail to demonstrate that Defendant Scruggs was incompetent, either by inherent unfitness or previous specific acts of negligence. [Doc. 47-1 at 6]. The Plaintiffs respond that their forecast of evidence shows that Defendant Scruggs was incompetent because he received "a couple of speeding tickets" and never was formally trained to drive a truck with a trailer attached. [Doc. 50 at 9]. Receiving "a couple speeding tickets," however, is insufficient to establish the incompetence necessary to support such a claim. There is a vast difference between having committed a driving violation on "a couple" of occasions and being an incompetent driver. That is particularly true where there is no basis for inferring that such violations were serious. In addition, the Plaintiff has presented no forecast of evidence to show that the vehicle Defendant Scruggs was driving required any type of specialized or formal training in order to operate it safely, regardless of if it had a trailer attached or not. The Plaintiffs' forecast of evidence is insufficient to carry the Plaintiffs' "high" burden to show the Defendant Scruggs was a "notoriously unsuitable" employee" See Davis, 2013 WL 5309662, at *5 (citation omitted). The Plaintiffs' forecast of evidence is insufficient, as a matter of law, to support a claim for negligent hiring, training, and supervision.

The Defendants further argue that even if Plaintiffs' forecast were sufficient to show that Defendant Scruggs was incompetent, they fail to demonstrate that Defendant Southern Concrete or Defendant Gowder had notice of Defendant Scruggs' incompetence. [Id.]. In response, the Plaintiffs highlight that Defendant Southern Concrete and Defendant Gowder never performed a background check on Defendant Scruggs and never obtained Defendant Scruggs' driving record to determine Defendant Scruggs' fitness to drive a truck with an attached trailer and simply trusted his assertion that he "understood how to drive" such a vehicle. [Id. (quoting Doc. 50-2 at 5)]. An individual's record of driving infractions forms the basis of an insurance company's decision to cover that driver. The Plaintiffs have presented no evidence to show that the Defendants' submission of Scruggs' license to the insurance company was an insufficient means to learn of his competence or incompetence. The Plaintiffs have presented no forecast to show that the Defendants failed to take reasonable steps to learn of such incompetence. Once again, in this sort of claim the Plaintiffs' burden is high, and they have failed to meet that burden. See Davis, 2013 WL 5309662, at *5.

In light of this forecast of evidence, no reasonable jury could conclude that Defendant Scruggs was incompetent to drive a truck with an attached trailer or that Defendant Southern Concrete or Defendant Gowder knew or

should have known that Defendant Scruggs was incompetent to drive a truck with an attached trailer. As such, the Defendants' motion for summary judgment regarding the Plaintiffs' negligent retention, supervision, and training claim will be granted.

B. **Negligent Entrustment**

"Negligent entrustment occurs when the owner of an automobile 'entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver' who is 'likely to cause injury to others in its use.'" Swicegood v. Cooper, 341 N.C. 178, 180, 459 S.E.2d 206, 207 (1995) (quoting Heath v. Kirkman, 240 N.C. 303, 307, 82 S.E.2d 104, 107 (1954)). As discussed above, the Plaintiffs' forecast of evidence fails to demonstrate a genuine dispute of material fact regarding whether Defendant Scruggs was incompetent or reckless. As such, the Defendants' motion for summary judgment on the Plaintiffs' negligent entrustment claim will be granted.

C. **Punitive Damages**

Punitive damages are available to plaintiffs in North Carolina to punish defendants for egregiously wrongful acts and to deter the commission of similar wrongful acts. N.C. Gen. Stat. § 1D-1. A plaintiff can recover punitive damages only by proving the existence of one of three aggravating factors

by clear and convincing evidence: (1) fraud; (2) malice; or (3) willful or wanton conduct. Id. at § 1D-15. "Willful and wanton conduct" is defined as the "conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." Id. at § 1D-5(7). "[W]illful or wanton conduct is 'more' than gross negligence in the sense that willful or wanton conduct requires, in addition to breach of a known duty, an aggravating factor." Justice v. Greyhound Lines, Inc., No. 5:16-CV-132-FL, 2018 WL 1570804, at *4 (E.D.N.C. Mar. 30, 2018). "[C]ourts must determine whether the plaintiff produced clear and convincing evidence from which a jury could reasonably find willful or wanton conduct." Id. at *3 (citation and quotations omitted).

Punitive damages may be awarded against an individual "only if that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages," and may be awarded against a corporation if "the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages[,]" N.C. Gen. Stat. § 1D-15(c), or if the "corporation's acts or policies constitute[d] the aggravating factor." Justice, 2018 WL 1570804, at *6 (citation omitted).

9

### 1. Punitive Damages Claim against Defendant Scruggs

Here, the Plaintiffs argue that Defendant Scruggs should be held liable for punitive damages because he acted willfully and wantonly by failing to reduce his speed before the accident. [Doc. 50 at 15].

In Yancey v. Lea, the North Carolina Supreme Court surveyed motor vehicle negligence cases and observed that gross negligence, a less culpable standard than willful and wanton conduct, "has been confined to circumstances where at least one of three rather dynamic factors is present: (1) defendant is intoxicated; (2) defendant is driving at excessive speeds; or (3) defendant is engaged in a racing competition." 354 N.C. 48, 53–54 (2002) (citations omitted).

The Plaintiffs' forecast of evidence shows that while the speed limit at the location of the accident was 65 miles per hour, Defendant Scruggs was going 65 miles per hour before the accident and 55 miles per hour when the accident occurred. [Doc. 1-1 at 2]. The Plaintiffs' forecast of evidence fails to show that the Defendant was intoxicated, driving at excessive speeds, or engaged in a racing competition at the time of the accident. Yancey, 354 N.C. at 53-54 (2002). Moreover, the Plaintiffs' forecast of evidence fails to show that Defendant Scruggs failed to reduce his speed in "conscious and intentional disregard of and indifference to the rights and safety of others."

N.C. Gen. Stat. § 1D-5(7).  As such, the Plaintiffs' forecast of evidence is simply insufficient to show the kind of conscious and intentional disregard of and indifference to the rights and safety of others required to establish a claim for punitive damages.  Because Defendant Scruggs' failure to reduce speed is insufficient evidence from which a jury could reasonably find willful or wanton conduct, Defendant Scruggs' motion for summary judgment on the Plaintiffs' claim for punitive damages against him will be granted.

### 2. Punitive Damages Claims against Defendant Southern Concrete and Defendant Gowder

The Plaintiffs next argue that Defendant Southern Concrete and Defendant Gowder acted willfully and wantonly by allowing Defendant Scruggs to drive the truck with a trailer attached.  [Doc. 1 at 8].  The Defendants argue that the Plaintiffs' forecast of evidence fails to show the willful and wanton conduct required to hold them liable for punitive damages.  [Doc. 47-1 at 11].

In <u>Justice v, Greyhound Lines, Inc.</u>, No. 5:16-CV-132-FL, 2018 WL 1570804, (E.D.N.C. Mar. 30, 2018), a court granted summary judgment on a claim for punitive damages against Greyhound stemming from an accident caused by one of its bus drivers.  The court in <u>Justice</u> explained that the plaintiffs failed to show that Greyhound participated in or condoned any willful or wanton conduct and failed to show that any deficiencies in Greyhound's

procedures were the result of its officers', directors', or managers' conscious and intentional disregard of and indifference to the rights and safety of others. Id. at *7. Moreover, the court found that "even if Greyhound's procedures are insufficient to eliminate some risk, the evidence of record does not disclose any aggravating factor to distinguish such deficiency from mere failure to discharge that duty of reasonable care which underlies the tort of negligence."

Here, the Plaintiffs' forecast of evidence is insufficient to support a claim for punitive damages against Defendant Southern Concrete or Defendant Gowder. As discussed above, Defendant Scruggs' failure to reduce his speed is an insufficient basis to prove willfulness and wantonness. Moreover, the Plaintiffs forecast no evidence to show that either Defendant Southern Concrete or Defendant Gowder "participated in or condoned" any other aggravating factor that caused the Plaintiffs' injuries. N.C. Gen. Stat. § 1D-15(c). Likewise, the Plaintiffs forecast no evidence to show that Defendant Southern Concrete or Defendant Gowder's "acts or policies constitute the aggravating factor." Justice, 2018 WL 1570804, at *6 (citation omitted). Finally, even if the even if Defendant Southern Concrete or Defendant Gowder's training procedures are insufficient to eliminate some risk, the Plaintiffs fail to show that any of Defendant Southern Concrete or

12

Defendant Gowder's acts or policies were a result of a "conscious and intentional disregard of and indifference to the rights and safety of others[.]" N.C. Gen. Stat. § 1D-5(7); Justice, 2018 WL 1570804, at *6 (citation omitted). In light of this forecast of evidence, the Plaintiffs fail to show the "aggravating factor" necessary to establish a claim for punitive damages against Defendant Southern Concrete or Defendant Gowder. As such, Defendant Southern Concrete or Defendant Gowder's motion for summary judgment on the Plaintiffs' claim for punitive damages will be granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Partial Summary Judgment [Doc. 47] is **GRANTED**, and the Plaintiffs' claims for negligent hiring, training, and supervision, negligent entrustment, and punitive damages are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed: January 29, 2020

Martin Reidinger
United States District Judge