# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00271-MR-WCM

| | |
|---|---|
| NIKESIA SHARLEY PANNELL; CHOYA HASSIBA JOHNSON, Plaintiffs, vs. MATTHEW TAYLOR SCRUGGS; SOUTHERN CONCRETE SPECIATIES, INC.; AND JEFFREY MICHAEL GOWDER, Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Brief on Jurisdiction and Motion to Dismiss Without Prejudice [Doc. 90] and Defendants' Supplemental Trial Brief on Subject Matter Jurisdiction. [Doc. 89].

## I. BACKGROUND

On September 24, 2018, the Plaintiffs Nikesia Sharley Pannell and Choya Hassiba Johnson ("Plaintiffs") initiated this action against Defendants Matthew Scruggs ("Defendant Scruggs"), Southern Concrete Specialties, Inc. ("Defendant Southern Concrete"), and Jeffery Gowder ("Defendant

Gowder" and collectively the Defendants) in this Court for personal injuries relating to a motor vehicle accident that occurred on July 3, 2018. [Doc. 1 at 1-3]. The case was filed in this Court based on diversity jurisdiction, as it arose out of a state law claim. [Id. at 3]. In the complaint Plaintiff Pannell was identified as a resident of Florida and Plaintiff Johnson as a resident of the state of Georgia, while the Defendants were all identified as residents of South Carolina.[1] [Id. at 2-3].

On January 22, 2019, Defendant Gowder filed an Answer, wherein he asserted that he is a citizen and resident of the state of Georgia. [Doc. 13 at 1]. Despite the pleadings reflecting an apparent absence of diversity, no party made any motion or took any action questioning subject matter jurisdiction. On December 11, 2019, the Defendants filed a Motion for Partial Summary Judgment on the Plaintiffs' claims for negligent hiring, training, and supervision and/or entrustment, and for punitive damages. [Doc. 47-1]. On January 29, 2020, this Court granted the Motion for Partial Summary Judgment. [Doc. 53]. The case has since proceeded for trial on the remaining claims of negligence of Defendant Scruggs in the operation of the vehicle

---

[1] Defendant Gowder was stated to be "of the State of South Carolina" and able to be served with process as the same location as Defendant Southern Concrete. [Doc. 1, at 1-2]. Defendant Scruggs was stated to be a "resident of the State of South Carolina" with his home address listed as the location for service of process. [Id. at 2-3].

with Defendant Gowder as the titled owner of the vehicle and Defendant Southern Concrete as the employer. [Doc. 1; Doc. 53]. Trial is set for September 8, 2020.

On August 21, 2020, a final pretrial conference was held in which the Court brought to the attention of the parties that their filings state that Defendant Gowder and Plaintiff Johnson are both Georgia residents. This Court then asked the parties to brief the issue of whether there is proper subject matter jurisdiction in this case.

## II. STANDARD OF REVIEW

Federal district courts are courts of limited subject matter jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009); See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). As courts of limited jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (citations omitted). If the court determines that the court lacks subject matter jurisdiction, the court is obligated to dismiss the case. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp., 546 U.S. 500, 502 (2006); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

## III. DISCUSSION

In determining whether a court has subject matter jurisdiction over a case, the court looks to the basis for jurisdiction including the citizenship of the parties at the time of filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, at 570-71 (2004) ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure."). In this case, the basis for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332, which states that the federal courts have jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000. . . and is between citizens of different States." 28 U.S.C. § 1332(a). It is undisputed that there was no diversity at the time of filing: Plaintiff Johnson is a citizen of Georgia, as is Defendant Gowder. [Doc. 1; Doc. 13 at 1].

The Plaintiffs now move to dismiss without prejudice the entire case. [Doc. 90].[2] Under the Federal Rules of Civil Procedure Rule 41, a plaintiff may move to dismiss an action which can be granted by the court either with or without prejudice. Fed. R. Civ. P. R. 41(a). However, a dismissal for a

---

[2] Local Rule 7.1(c)(2) states that "Each motion must be set forth as a separately filed pleading." Plaintiffs improperly included their motion to dismiss in their brief. In light of the very short time framed within which this motion must be made and addressed, the Court will overlook this failure to abide by the Rule.

4

defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (citing Fed. R. Civ. P. R. 41(b)).

Defendants argue that the Court should dismiss only Defendant Gowder and let the claim against the other Defendants proceed to trial. Even when there is no subject matter jurisdiction on the basis of diversity at the time of filing, jurisdiction can be salvaged by dismissing a non-diverse party, even after the entry of judgment in certain circumstances, such as when it is a dispensable party. Grupo Dataflux, 541 U.S. at 572-73 ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); Hardaway v. Checkers Drive-In Restaurants, Inc., 483 Fed. App'x 854, 855 (4th Cir. 2012).

Defendants argue that Defendant "Gowder is clearly a dispensable party" [Doc. 89 at 3], and "is neither necessary nor indispensable." [Id. at 5]. Based thereon, Defendants seek only his dismissal. The Plaintiffs have brought this action against Defendant Gowder based on his ownership of the truck that was allegedly driven in a negligent manner by Defendant Scruggs.

Defendant Gowder asserts that his name appears on the truck title "erroneously" and that he "is connected to this action only though an error in title transfer." [Id. at 6]. Defendants, however, concede that Defendant Gowder's holding the title to the truck is "prima facia evidence. . . that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible." N.C. Gen. Stat § 27-71.1(b); [Doc. 88 at 2]. Defendants argue that they refute this presumption by showing the title "error." Defendants, however, had the opportunity to present this defense in a motion for summary judgment but chose not to do so. There is nothing before the Court at this stage except Defendants' bare assertions that the claim against Defendant Gowder is meritless. Therefore, for the purpose of this motion, the Court must treat Gowder as an alleged tort feasor who is potentially jointly and severally liable with the other Defendants.

Defendants argue that Defendant Gowder's alleged position as a joint tort feasor is not dispositive of whether he is an "indispensable party," citing two district court cases. [Doc. 89 at 6-7] (citing Am. Heartland Port, Inc. v. Am. Port Holdings, Inc., No. 5:11-cv-50, 2014 U.S. Dist. Lexis 37483, at *20 (N.D.W. Va. Mar 21, 2014); Linnin v. Michielsens, 372 F. Supp. 2d 811, 826 (E.D. Va. 2005). In the present case, however, putting the Plaintiffs to the

6

Case 1:18-cv-00271-MR-WCM   Document 92   Filed 08/28/20   Page 6 of 9

task of trying their case against Defendant Gowder separately runs the risk of inconsistent verdicts. In two trials, one jury could find Defendant Scruggs to have been negligent and the other could find the opposite. Since both Defendant Southern Concrete and Gowder are alleged to be vicariously liable for Defendant Scruggs's actions, these results would be inconsistent. In addition, dismissing only one Defendant would put the parties to the trouble and expensive of trying this case twice.

The Court also takes into consideration that, during the final pretrial conference, Plaintiffs' counsel raised the possibility that he had arranged for the payment of the Plaintiffs' medical bills through certain litigation funding entities that may prove problematic under North Carolina law and may put the Plaintiffs in the position of needing to place before the Court a more substantial evidentiality foundation than presently exists before the Plaintiffs' medical bills can be admitted. However, the evidence of Plaintiffs' medical bills has been presented in the form of *de bene esse* depositions that have already been taken without the inclusion of such foundation. Therefore, the dismissal of this entire matter without prejudice will allow for a fuller and fairer presentation of evidence so that the jury may have before it the full truth.

The fact that the Plaintiffs may re-file the action does not, in itself, constitute prejudice to the Defendants. Davis v. USX Corp., 819 F.2d 1270,

1274 (4th Cir. 1987) ("It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second law suit."). Nonetheless, the Court recognizes that there is some prejudice to the Defendants in dismissing a matter at this late stage. However, there is greater prejudice to both parties to dividing a single claim against one alleged negligent tort feasor and two allegedly viciously liable parties and dividing that claim into two separate trials. [3]Furthermore, the preparation that both sides have undertaken to this point will not be wasted as it will be usable in any case that the Plaintiffs refile, whether in this or another court.

For these reasons, the Court in its discretion will decline to dismiss the claims against only Defendant Gowder. There is no complete diversity between the parties and, thus, the Court does not have subject matter jurisdiction to proceed. The remaining claims in this matter are dismissed without prejudice.

---

[3] Federal Rule of Civil Procedure 41 states "if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that pervious action; and (2) may stay the proceedings until the plaintiff has complied." This may serve to ameliorate any such prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that Plaintiffs' Motion to Dismiss Without Prejudice is **GRANTED**. The remaining claims against all Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 28, 2020

*Martin Reidinger*
Chief United States District Judge